# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2014

Lyle W. Cayce
Clerk

No. 13-30897
Summary Calendar

REUEL ANDERSON; GARY GREENE; TIMOTHY RICKETTS; ANDERSON FAMILY COMPANY, L.L.C.; JUNE ANDERSON TESTAMENTARY Q TRUST; KIM GUILLOT; KAHNE GUILLOT,

                                        Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

                                        Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No.  3:13-CV-00398

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants are victims of the Ponzi scheme orchestrated by Robert Allen Stanford and his investment firm, Stanford International Bank, Ltd. (collectively, Stanford).  They filed suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, alleging that the negligence of the Securities and Exchange Commission (SEC) caused their financial losses.  The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  13-30897

district court held that Plaintiffs-Appellants' claims fell within the discretionary function exception to the FTCA and dismissed the case.  We AFFIRM.

Plaintiffs-Appellants focus on the conduct of Spencer Barasch, the SEC's regional enforcement director.  They describe two instances in which Barasch failed to forward reports detailing Stanford's highly suspicious investment activities.  In 1997, SEC examiners concluded that Stanford was not selling legitimate securities.  Barasch reviewed this examination and decided to refer it to the National Association of Securities Dealers.  The matter, however, was never referred.  In 2002, the SEC conducted another examination of Stanford, again uncovering numerous red flags.  Around this time, an accountant whose 75 year-old mother was a Stanford investor also sent the SEC a letter raising similar concerns.  SEC examiners submitted their findings, including the accountant's letter, to Barasch, who indicated that he would refer the letter to the Texas State Securities Board.  Barasch, however, failed to do so.

Plaintiffs-Appellants argue that the SEC, through Barasch, adopted a policy of forwarding the reports of Stanford's activities.  Relying on *Berkovitz v. United States*, 486 U.S. 531 (1986), they further contend that the SEC's negligence in failing to carry out this policy is outside the scope of the discretionary function exception.   The analogy to *Berkovitz*, however, is unavailing.  In that case, the adopted policy left "no room for implementing officials to exercise independent policy judgment." *Berkovitz*, 486 U.S. at 547. Here, as the district court correctly held, Plaintiffs-Appellants have not identified any mandatory obligations violated by SEC employees in the performance of their discretionary duties, nor alleged any facts sufficient to overcome the strong presumption that the SEC's decision not to pursue Stanford, however regrettable, was not grounded in policy considerations.

No.  13-30897

AFFIRMED.